11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gary Edwin
Wheeler

Appellant

Vs.      
            No. 11-00-00267-CR  -- 
Appeal from Scurry County

State of Texas

Appellee

 

The jury
convicted Gary Edwin Wheeler of the offense of indecency with a child for
engaging in sexual contact by touching a child=s genitals.  The jury assessed
appellant=s punishment at confinement for five
years.  We affirm.

Appellant
presents four points of error.  In the
first and second points, he challenges the legal and factual sufficiency of the
evidence.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine:  (1) whether the evidence in
support of a vital fact is so weak that the finding is clearly wrong and
manifestly unjust or (2) whether the finding of a vital fact is so contrary to
the great weight and preponderance of the evidence as to be clearly wrong and
manifestly unjust.  Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 









Three
witnesses testified at trial:  the
complainant, K.W., who was appellant=s 15-year-old stepdaughter; the complainant=s cousin, Kynna Couch; and appellant=s friend, Jose Luis Riojas.  All three were present in Riojas=s car on October 31, 1999, when the offense
occurred.  On that night, Couch and K.W.
wanted to do something scary for Halloween, so they asked appellant if they
could go.  Appellant would only allow
them to go if accompanied by an adult. 
Riojas talked appellant into going. 
Couch drove because appellant and Riojas were Adrunk.@  They went to two cemeteries
and looked around.  K.W. testified that,
while she was leaning back on the hood of the car looking at the stars,
appellant touched her knee and rubbed her leg a little bit.  K.W. testified that appellant had never
before done anything like that to her and that it made her uncomfortable.  K.W. decided that it was time for them to
leave.  Then, as K.W. was holding the
front seat up so that appellant could get in the back seat, appellant Abrushed up against@ K.W., and his hand touched her Abottom.@  Although K.W. did not want to
ride in the back seat with appellant because appellant was Amessing with@ her, Riojas insisted that she get in the back so he could ride in the
front to monitor Couch=s
driving.  While in the back seat on the
way home, appellant almost immediately put his head in K.W.=s lap so that the back of his head was
touching her stomach.  He rubbed his
head up and down along her midsection and upper midsection, touching from her
breasts to her thighs.  K.W. testified
further that, although she closed her legs together tightly and placed her hand
between appellant=s head
and her legs to try to shield herself from appellant=s head, appellant touched her Aprivate parts@ in a Agroping@ manner over her clothes while he Awas kind of kissing [her] hand.@   K.W. stated that her Aprivate parts@ referred to her genitals and vagina. 
Appellant passed out sometime before they got back home. 

Neither
Riojas nor Couch saw appellant touch K.W. inappropriately at any time, and they
did not hear anything unusual during the drive home.  Both testified that appellant passed out at some point after
leaving the second cemetery.  Couch
testified that, while they were at one of the cemeteries, appellant said that Ahe needed a piece of good ass because his
wife wasn=t giving it to him at home.@ 
Later that night, K.W. told Couch what had happened in the back seat of
the car.  








The jury,
as the trier of fact, was the sole judge of the credibility of the witnesses
and of the weight to be given to their testimony.  TEX. CODE CRIM. PRO. ANN. arts. 38.04 & 36.13 (Vernon 1979
& 1981).  We hold that the evidence
is legally sufficient to support appellant=s conviction because a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  We also hold that the evidence is factually
sufficient because the evidence was not so weak or the jury=s finding so contrary to the great weight of the
evidence as to be clearly wrong or manifestly unjust.  There is evidence
showing that appellant touched K.W.=s genitals through her clothes. 
Such touching constitutes an offense under TEX. PENAL CODE ANN. ' 21.11 (Vernon Supp. 2002), which explicitly
provides that Aany touching@ of a child=s
genitals, Aincluding touching through clothing,@ is an offense if it is committed with the
intent to arouse or gratify a sexual desire. 
The first and second points of error are overruled.  

In his
third point, appellant contends that the trial court erred by not allowing him
to cross-examine K.W. regarding her prior medical diagnosis and treatment
because the evidence was relevant to K.W.=s credibility.  Outside the
presence of the jury, K.W. testified that she had been to a rehabilitation
center about one year prior to this offense where she was treated for
depression, suicide attempts, and anger issues.  The record shows that the trial court sustained the State=s objection and prohibited appellant from
inquiring about K.W.=s
prior diagnosis and treatment.  During
his offer of proof, appellant showed that K.W. took her antidepressant
medication infrequently and that she did not recall taking her medication on
the day of the offense.  Nothing in the
offer of proof showed that K.W.=s condition affected either her perceptual capacity at the time of the
crime or her credibility as a witness. 
See Lagrone v. State, 942 S.W.2d 602, 612-13 (Tex.Cr.App.), cert. den=d, 522 U.S. 917 (1997). 
Consequently, we hold that the trial court did not abuse its discretion
in excluding the testimony.  The third
point of error is overruled.  

In his
final point, appellant complains of various statements made by the prosecutor
during closing argument.  There are four
categories of proper jury argument: (1) summation of the evidence; (2)
reasonable deductions from the evidence; (3) answers to the arguments of
opposing counsel; and (4) pleas for law enforcement.  Cantu v. State, 842 S.W.2d 667, 690 (Tex.Cr.App.1992), cert. den'd, 509 U.S.
926 (1993).  

Appellant
first complains that the prosecutor stated that appellant Asexually assaulted@ K.W. 
The trial court sustained appellant=s objection and instructed the jury to disregard the prosecutor=s comment. 
Although he was not charged with Asexual assault,@ appellant was charged with an offense involving Asexual contact.@  The trial court=s instruction to disregard cured the error in
the prosecutor=s inadvertent reference to this offense as a
sexual assault rather than one involving sexual contact.  See Martinez v. State, 17 S.W.3d 677, 691
(Tex.Cr.App.2000). 








Next,
appellant complains of the prosecutor=s summation of the evidence presented by Riojas.  The prosecutor stated that Riojas admitted
that K.W. told him that she did not want to ride in the back with appellant
because he Ahad grabbed her on her ass.@  The
trial court responded to appellant=s objection by instructing the jurors to be guided by the testimony as
they heard it.  The record shows that,
in his statement to police, Riojas indicated that K.W. told him that appellant
had Agrabbed her on her ass.@  

Appellant
next complains of the following argument made by the prosecutor:  AWhat does this tell you?  What
does this evidence tell you also about credibility and about the propensity of
[appellant] with regard to young girls?@  Appellant objected that the
comment was outside the record and Away improper on the issue of extraneous matters.@  The
trial court overruled the objection, stating that it did not perceive the
prosecutor=s argument Aas being in that direction.@  The prosecutor was apparently
deducing appellant=s
intent to sexually gratify himself from evidence that was introduced at trial
regarding comments that appellant made to Couch, who was 16 years old, about
her Anice ass@ and from K.W.=s
testimony regarding what transpired on the night of the offense.  Moreover, a similar argument was held to be
a proper plea for law enforcement in Long v. State, 820 S.W.2d 888, 894-95
(Tex.App. - Houston [1st Dist.] 1991, pet=n ref=d).  

Finally,
appellant complains that the prosecutor was improperly commenting upon his
right to remain silent and upon his failure to testify at trial.  The prosecutor=s arguments were:

Let me talk to you just briefly about hard choices like [defense
counsel] talked about.  There are some
hard choices that have been made here. 
There are some people who have courage and then there are people who
have displayed cowardice.  

                                                                      *     *    
*

Let=s look at courage versus cowardice.  [K.W.] came and testified in the light of
day in the bright lights of the Courtroom, subject to cross
examination....[K.W.] had the courage to come and subject herself to this, to
subject herself and be accused of making up a story.  She had the courage to come and tell you. [Appellant] performed
his deed in the dark of the night when nobody else was looking.  








In response to appellant=s objection, the prosecutor emphasized that
she was talking about what happened at the cemetery.  The trial court overruled appellant=s objections.  The prosecutor=s comments, when viewed from the jury's
standpoint, were not manifestly intended or of such a character that the jury
would necessarily and naturally take them as a comment on appellant=s failure to testify.  See Banks v. State, 643 S.W.2d 129, 134
(Tex.Cr.App.1982), cert. den=d, 464 U.S. 904 (1983); see also TEX. CODE CRIM. PRO. ANN. art. 38.08
(Vernon 1979).  Appellant=s fourth point of error is overruled. 

The
judgment of the trial court is affirmed.  


 

W. G. ARNOT, III

CHIEF
JUSTICE

 

April 18, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

McCall, J., and Dickenson, S.J.[1]


 











     [1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.